UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LEE HENDERSON,<br><br>Petitioner,<br><br>v.<br><br>J. PICKETT, Warden,<br><br>Respondent. | No. 2:20-cv-01345 GGH P<br><br><br><br>ORDER |

    Petitioner, a state prisoner proceeding in pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not, however filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

    Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases. Petitioner must also clearly state the relief sought in the petition. Id. Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the

petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

Instead of stating his grounds for relief in the habeas petition, petitioner refers the court and respondent to the "attached brief in support of Habeas Corpus." ECF No. 1 at 2-4. In the attached brief, petitioner states two grounds for relief: (1) illegal sentence in violation of the 6th and 14th Amendments; and (2) sentencing enhancement was improperly imposed. Id. at 8. However, because petitioner did not complete the section on the court's form describing whether each ground raised had been raised in state court, the undersigned is unable to discern whether petitioner has fully exhausted his state court remedies with respect to the alleged federal constitutional claims petitioner is seeking to raise in his petition. Id. at 5-6.

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). The court will provide petitioner another opportunity to file an amended petition addressing these deficiencies. Petitioner must demonstrate in his amended petition that he has exhausted his state court remedies for each ground for relief.

The petition fails to comply with Rule 2(c), Rules Governing Section 2254 Cases. Therefore, the petition is dismissed with leave to amend. Rule 4, Rules Governing Section 2254 Cases. In the amended petition, petitioner must set forth each claim for relief and summarize the facts he alleges support each of the identified claims. Moreover, petitioner must address whether each ground for relief has been presented to the California Supreme Court. Petitioner must take care in *completely* filling out the court's form application for writ of habeas corpus when submitting his amended petition.

////

////

Finally, petitioner is not required to append exhibits to his petition.  However, to avoid duplication on the court's docket, if petitioner wishes to append the exhibits from his original petition (ECF No. 1 at 7-32) to his amended petition, he may ask the Clerk of the Court to do so.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee;

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[1]

3. Any amended petition must bear the case number assigned to this action and the title "First Amended Petition"; and

4. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district for pro se petitioners and the court's form application for writ of habeas corpus.

Dated: August 7, 2020

                                          /s/ Gregory G. Hollows
                              UNITED STATES MAGISTRATE JUDGE

---

[1] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.