UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LEE HENDERSON, | No. 2:20-cv-01345 TLN GGH P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION |
| J. PICKETT, Warden, | |
| Respondent. | |

*Introduction and Summary*

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c).

During his criminal proceedings, petitioner entered into a plea-bargained sentence of twenty years. In his federal habeas petition, petitioner raises a state law sentencing claim(s)[1] and a Cunningham v. California, 549 U.S. 270 (2007) claim.[2]  Nevertheless, a final determination on

---

[1]   Claims alleging violation of state sentencing laws are not cognizable federal claims in federal habeas corpus actions. Estelle v. McGuire, 502 U.S. 62, 67,68 (1991).

[2]   A claim challenging a trial court's imposition of upper terms based on facts not presented to the jury is quite problematic in a plea bargain case resolution. See People v. Stamps, 9 Cal. 5th 685, 700-701 (2020); Presley v. Johnson, No. 2:20-cv-01917 PA (GJS), 2020 WL 1638249 (C.D. Cal. Apr. 2, 2020); Morales v. Hartley, No. C 12-5311 PJH (PR), 2013 WL 5799997 (N.D. Cal.

1

the merits need not be made here as respondent moves to dismiss based on the AEDPA statute of limitations.  Respondent is correct. Accordingly, the undersigned recommends this action should be dismissed.

*Facts*

Petitioner pled guilty to voluntary manslaughter, and assaults with a deadly weapon, and through manipulation of state sentencing laws arrived at a 20-year sentence. ECF No. 12-1. The sentencing date was February 23, 2012. No appeal was taken. The first post-conviction filing was a state habeas petition filed October 4, 2018. ECF No. 12-2.[3] Petitioner claims he filed this petition on account of a notification by prison staff that legal error had been made in his sentencing. Id. Evidently, the court of conviction disagreed. ECF No. 12-3.

Petitioner thereafter filed petitions with the Court of Appeal on March 13, 2019, ECF No. 12-4, and the California Supreme Court on March 13, 2020, ECF No. 12-6.  These petitions were denied, the last denial occurring on June 10, 2020.  The federal petition was filed on July 6, 2020.

*Discussion*

Because no appeal was filed, petitioner's judgment became final for AEDPA purposes on April 21, 2012, sixty days after entry of the judgment. Stancle v. Clay, 692 F.3d 948, 951 (9th Cir. 2012; Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006).  To be timely, the federal petition was due on April 21, 2013.  Absent statutory or equitable tolling, AEDPA requires federal petitions to be filed within one year from the date of finality, 28 U.S.C. § 2244 (d)(1)(A).[4] No statutory tolling (§ 2244 (d)(2)) is possible here in that the limitations period expired well prior to the filing of the first state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (2003); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

////

---

Oct. 28, 2013).

[3] The undersigned will not go through any type of mailbox rule analysis as such an analysis is entirely inconsequential to the outcome here.

[4] There are alternative triggers for the commencement of the statute of limitations, but only one of them are possibly at issue here. The undersigned will discuss 28 U.S.C. § 2244(d)(1)(D) in the text.

Petitioner might argue that the "factual predicate" of his claim was not known until he received notice from a state prison official that the official believed petitioner had been improperly sentenced under state law, see § 2244(d)(1)(D), and hence the AEDPA limitations period did not commence until the factual predicate was reasonably known to petitioner through the exercise of due diligence. However, such an argument confuses "factual predicate"—the awareness of his sentencing facts—with the legal consequences which might flow from the facts—the supposed error in federal or state law. Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001); Ward v. Ryan, No. CV-18-04090-PHX-DWL, 2020 WL 549301 (D. Ariz. Feb. 4, 2020); Bustamonte v. Adams, No. CIV S-08-2015 DAD P, 2009 WL 2390610, at *5 (E.D. Cal. Aug. 3, 2009)("The factual predicate of each of petitioner's claims were known to him in 1995 at the time of his sentencing"); Mendoza v. McDonald, No. CIV S-07-1757 GEB GGH P, 2008 WL 1767025 (E.D. Cal. Apr. 16, 2008).

That leaves petitioner's implied request for equitable tolling based on his lack of legal experience. However, although this lack of legal experience may well be true for petitioner, as it is with countless other laypersons (no criticism is intended), such cannot stand as the basis for equitable tolling as the rare exception of equitable tolling would swallow the general rule. Ford v. Pliler, 590 F.3d 782, 789 (9th Cir. 2009) (observing that the equitable tolling standard "has never been satisfied by a petitioner's confusion or ignorance of the law alone."); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1112-13 (9th Cir. 2009); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Mitchell v. Gastello, No. 5:20-cv-00370-DMG-MAA, 2020 WL 4187762, at *4 (C.D. Cal. Apr. 20, 2020).

Cunningham v. California, supra, was decided in 2007, years before petitioner entered into his plea bargain; he is tasked with constructive knowledge of this case. If petitioner believed that his plea bargain could be upset in his favor because of this case, petitioner should have made that claim known by 2013. Petitioner waited over five years past this time to file his first state habeas petition. For his state law sentencing claim, petitioner knew, at the time he was sentenced in 2012, precisely what terms of imprisonment and enhancements had been fashioned to construct

////

1  his twenty-year sentence.  He simply could not wait for years to obtain the legal knowledge which
2  he professes to make his plea bargain an error.

*Conclusion*

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

Accordingly, IT IS HEREBY RECOMMENDED that:

    1.  Respondent's motion to dismiss, ECF No. 11, should be GRANTED;

    2.  Petitioner's habeas petition should be DISMISSED; and

    3.  The District Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 4, 2021

        /s/ Gregory G. Hollows
    UNITED STATES MAGISTRATE JUDGE